IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOANNE HETTRICK and
MARIANNE SALCEIES-DONALDSON

       Plaintiffs,                        No. 1:16-cv-1156

v.

TRICORE REFERENCE LABORATORIES,
a New Mexico non-profit corporation,

       Defendant.

**COMPLAINT FOR VIOLATIONS OF THE CIVIL RIGHTS ACT OF 1964, THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967, AND THE AMERICANS WITH DISABILITIES ACT OF 1990**

COME NOW plaintiffs Joanne Hettrick ("**Hettrick**") and Marianne Salceies-Donaldson ("**Donaldson**"), by and through their counsel, Law Office of Mark W. Allen, LLC (Mark W Allen) and Wallin, Huss & Associates, LLC (Dennis K. Wallin and Brandon Huss), and for their Complaint, state as follows:

**INTRODUCTION**

1. This action is brought by plaintiffs for damages caused by defendant's violation of their rights to be free from employment discrimination on the basis of their sex and age, and to be free from retaliation for complaining of defendant's failure to provide access for disabled persons.

2. At the times they were terminated, Hettrick was 74 years old and Donaldson was 68 years old; upon information and belief, they were the two oldest employees of defendant.

3. On or about April 7, 2015, defendant failed to process a request for blood in a timely manner, as set forth more fully below. This incident caused defendant embarrassment and caused defendant to receive increased scrutiny from its clients. The incident was caused by several of

defendants' other employees' negligent acts or omissions, and did not result from any acts or omissions of plaintiffs.

4. Although they were not at fault for any of the delays or other errors, defendant used this embarrassing incident as a pretext for terminating plaintiffs as scapegoats in the face of increased scrutiny, instead of terminating the younger, mostly male, employees who were actually responsible.

5. Hettrick was terminated on April 8, 2015, and Donaldson was terminated on April 27, 2015.

6. On or about March 2015, Hettrick complained to defendant that new renovations of defendant's facilities did not include a ramp or other access for persons with disabilities.

7. In response to those complaints, defendant told Hettrick that they would make such accommodations if and when a person with disabilities was hired.

8. Defendant unlawfully discriminated against plaintiffs by terminating them on the basis of their age and sex, and, in the case of Hettrick, as retaliation for complaining about defendant's failure to provide access for disabled persons.

## JURISDICTION AND VENUE

9. This Complaint alleges violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended ("**Title VII**"), the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.*, as amended ("**ADEA**"), and Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*, as amended ("**ADA**").

10. The parties to this action are all residents of New Mexico, and all acts giving rise to this Complaint occurred in New Mexico.

11.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because plaintiffs' claims arise under federal statutes.

12.     Venue is proper in the District of New Mexico pursuant to 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment actions were committed in New Mexico, and pursuant to 29 U.S.C. § 626(c)(1).

## PARTIES

13.     Hettrick is a 75-year-old woman residing in Albuquerque, New Mexico. Hettrick was 74 years old when she was terminated by defendant.

14.     Hettrick began working for defendant's predecessor, Presbyterian Kaseman Hospital, on February 5, 1996.

15.     In 1998, Kaseman Hospital, UNM Hospital, and Reference Laboratories merged into TriCore Reference Laboratories; Hettrick remained employed by defendant until her termination on April 8, 2015.

16.     Hettrick was initially hired by defendant's predecessor in the position of MLT(II).

17.     At the time of her termination, Hettrick was employed by defendant as a MLS(II) and earned $87,482.89 per year in salary, plus benefits.

18.     Donaldson is a 69-year-old woman residing in Albuquerque, New Mexico. Donaldson was 68 years old when she was terminated by defendant.

19.     Donaldson began working for defendant's predecessor, Presbyterian Kaseman Hospital, on January 11, 1982.

20.     In 1998, Kaseman Hospital, UNM Hospital, and Reference Laboratories merged into TriCore Reference Laboratories; Donaldson remained employed by defendant until her termination on April 27, 2015.

21. Donaldson was initially hired by defendant's predecessor in the position of MLT(II).

22. At the time of her termination, Donaldson was employed by defendant as a MLS(I) and earned approximately $83,500.00 per year in salary, plus benefits.

23. Defendant is a New Mexico non-profit corporation with its principal place of business in Albuquerque, New Mexico.

24. Defendant employs more than 100 people.

## EXHAUSTION OF REMEDIES

25. Plaintiffs both exhausted their administrative remedies under Title VII and under the ADA by filing timely charges of discrimination with the Equal Employment Opportunity Commission (the "**EEOC**") on June 15, 2015, and receiving right-to-sue letters from the EEOC, issued July 22, 2016, which was more than 180 days after the charges were filed.

26. Plaintiffs exhausted their administrative remedies under the ADEA by filing timely charges of discrimination with the EEOC on June 15, 2015, which is more than 60 days prior to the filing of this action.

27. The EEOC has not commenced any action to enforce plaintiffs' rights under the ADEA.

## PLAINTIFFS' TERMINATION

28. On or about April 7, 2015, an order came into defendant's blood lab from the neonatal intensive care unit of UNM Hospital.

29. At that time, Hettrick was working in the lab, but Donaldson was not.

30. The order was not processed in a timely fashion due to certain of defendant's other employees not giving the order the attention it required.

31. There was a further delay in processing the order due to certain of defendant's other employees' failure to inventory the blood supply. There was suitable blood already prepared that could have been sent right away, however this was not known to defendant's employees because no inventory was performed.

32. These errors resulted in a delay of approximately one hour in preparing the blood necessary for the baby's treatment at a time when the need for blood was a matter of life and death.

33. As a result of this delay, blood was procured instead from a source within the hospital, and the baby survived.

34. The baby involved was the child of an employee of UNM Hospital, which is a major client of the defendant.

35. The baby's mother was angry with defendant for the delay in procuring blood.

36. This negligence on the part of defendant's other employees caused defendant significant embarrassment, and caused defendant to be the subject of increased scrutiny from UNM Hospital.

37. Rather than terminate the responsible employees, defendant terminated Hettrick the following day.

38. On or about April 15, 2015, and pursuant to her job duties as a MLS(II), Donaldson analyzed a blood sample taken from the baby involved in the April 7 incident.

39. Donaldson noticed that the blood contained certain inclusions and determined that the blood required further testing and analysis to determine whether these indicated a health risk to the baby.

40. Donaldson left her workbench for a short time, and the slide was missing when she returned.

41. In order to locate the slide, which was one of tens of thousands in the blood lab, Donaldson pulled up the baby's records on her workstation, which included certain protected medical information.

42. On April 17, 2015, defendant accused Donaldson of accessing the baby's medical records over 140 times on April 15.

43. On April 17, 2015, defendant accused Donaldson of attempting to alter the baby's medical records in order to "cover up" Hettrick's "negligence."

44. Donaldson was terminated on April 27, 2015 for accessing the baby's records.

45. Similarly-situated employees of defendant, who were directly responsible for the errors of April 7, 2015, who were all younger than plaintiffs, and mostly male were treated more favorably than plaintiffs, receiving little to no discipline and no terminations.

46. Upon information and belief, plaintiffs' positions were filled by male employees who were younger than plaintiffs.

47. Plaintiffs have been unable to find employment at a substantially equivalent position, or any position of employment, since being terminated.

## COUNT I: DISPARATE TREATMENT UNDER THE ADEA
### (both plaintiffs)

48. Plaintiffs incorporate paragraphs 1-47 of the Complaint as if fully restated herein.

49. Defendant terminated plaintiffs because of their age in violation of the ADEA.

50. Defendant's treatment of plaintiffs was less favorable than that of similarly-situated younger employees.

51. Defendant's stated reasons for terminating plaintiffs were entirely pretextual; plaintiffs were chosen as scapegoats for the April 7 incident because of their age.

52. Defendant's conduct in terminating plaintiffs because of their age was willful.

53. For these reasons, plaintiffs are entitled to relief as set forth in the prayer for relief below.

## COUNT II: DISPARATE TREATMENT UNDER TITLE VII
### (both plaintiffs)

54. Plaintiffs incorporate paragraphs 1-53 of the Complaint as if fully restated herein.

55. Defendant terminated plaintiffs because of their gender in violation of Title VII.

56. Defendant's treatment of plaintiffs was less favorable than that of similarly-situated male employees.

57. Defendant's stated reasons for terminating plaintiffs were entirely pretextual; plaintiffs were chosen as scapegoats for the April 7 incident because of their sex.

58. Defendant's discrimination against plaintiffs was intentional.

59. For these reasons, plaintiffs are entitled to relief as set forth in the prayer for relief below.

## COUNT III: RETALIATION UNDER THE ADA
### (Hettrick)

60. Plaintiffs incorporate paragraphs 1-59 of the Complaint as if fully restated herein.

61. Defendant terminated Hettrick in retaliation for her complaining about defendant's failure to comply with the ADA.

62. Defendant's stated reasons for terminating Hettrick were entirely pretextual; Hettrick was chosen as a scapegoat for the April 7 incident in retaliation for her prior complaints regarding ADA compliance.

63. Defendant's discrimination against Hettrick was intentional.

64. For these reasons, Hettrick is entitled to relief as set forth in the prayer for relief below.

## PRAYER FOR RELIEF

WHEREFORE plaintiffs Joanne Hettrick and Marianne Salceies-Donaldson pray that the Court enter judgment in their favor as to each count of the Complaint and issue an Order granting the following relief:

- A. Back pay, including lost benefits;
- B. Front pay;
- C. Compensatory damages, including but not limited to emotional pain, inconvenience, and loss of enjoyment of life;
- D. Liquidated damages;
- E. Punitive damages;
- F. Attorneys' fees; and
- G. Such further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demand a jury on all triable issues.

Respectfully submitted,

Law Office of Mark W. Allen, LLC

By: /s/ Mark W. Allen
Mark W. Allen
PO BOX 90788
Albuquerque, NM 87199

and

                WALLIN, HUSS & ASSOCIATES

By:    /s/ Brandon Huss
        Brandon Huss
        Dennis K. Wallin
        PO Box 696
        Moriarty, NM 87035-0696
        Tel: 505.832.6363
        Fax: 505.814.5805
        Email: bh@whmlawfirm.com

*Attorneys for Plaintiffs*